**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2456-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ASA T. JONES, a/k/a ASA
FERGUSON and ASA T.
FERGUSON,

     Defendant-Appellant.

_____

Submitted October 2, 2024 – Decided January 9, 2025

Before Judges Rose and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 14-05-0503.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Susan Brody, Designated Counsel, on the brief).

Elizabeth Parvin, Acting Gloucester County Prosecutor, attorney for respondent (Michael C. Mellon, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Asa Jones appeals from the Law Division's January 5, 2022 order denying in part his petition for post-conviction relief (PCR) without an evidentiary hearing, and the September 30, 2022 order denying the remainder of his petition after an evidentiary hearing. We affirm.

I.

The detailed facts in this case were previously set forth in our opinion affirming defendant's convictions and sentence on direct appeal, and we incorporate them by reference. State v. Jones, No. A-5141-16 (App. Div. Oct. 2, 2018) (slip op. at 2-8).

A Gloucester County grand jury indicted defendant for first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2) (count one); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count two); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count three); and fourth-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(a) (count four). The charges arose from a fight between the victim and defendant, which culminated in defendant's stabbing the victim three times, resulting in his death. Jones, slip op. at 5-7. Several eyewitnesses observed the altercation, much of which was also captured on surveillance cameras. Ibid.

A-2456-22

Prior to trial, defendant filed an unsuccessful motion to suppress statements he made during a two-part police interview[1] the evening of the murder. Id. at 2. In the statement, defendant admitted he fought with the victim but denied stabbing him or having a knife. Id. at 4. Defendant also stated he was drinking beer for most of the day and, just before the fight, took several Xanax which he claimed he had never taken before. The video of the statement was played for the jurors during trial and was available for their viewing in the jury deliberation room. Id. at 7-8.

The trial judge instructed the jury on three lesser included offenses of homicide: passion/provocation manslaughter, aggravated manslaughter and reckless manslaughter. The jury returned a guilty verdict on counts one, two and three and, following a bifurcated trial, count four.

At sentencing, the judge merged counts two and three with count one. After granting the State's motion to sentence defendant to an extended term of imprisonment as a persistent offender under N.J.S.A. 2C:44-3(a), the judge sentenced defendant to a forty-year term of incarceration on count one, subject

---

[1] The first part of the interview was conducted before police administered his Miranda rights; the second was post-Miranda. Miranda v. Arizona, 384 U.S. 436 (1966).

to the No Early Release Act, N.J.S.A. 2C:43-7.2, and a concurrent eighteen-month term on count four.

Defendant filed a timely pro se PCR petition, which was later supplemented by assigned counsel. In his petition, among other claims, defendant asserted his trial attorney was ineffective by: (1) failing to object to the jury's unsolicited, unfettered access to his videotaped statement; (2) failing to pursue an intoxication defense; and (3) refusing to permit defendant to testify, which was necessary to establish a passion/provocation defense.

After considering argument on the petition, on January 5, 2022, Judge Mary Beth Kramer issued an order and forty-two-page opinion granting the petition for a hearing as to the first issue, and denying it without a hearing as to the second and third issues.

In her written decision, Judge Kramer found trial counsel's performance fell below an objectively reasonable standard by failing to object to the jury's access to the videotaped statement. The judge noted that during the statement, defendant repeatedly denied stabbing the victim, which was "directly averse to [counsel's] trial strategy of admitting defendant stabbed [the victim] but arguing that he had no intention of killing him." The judge further found that "[a]llowing the jury to have unfettered access to defendant's statement which was admittedly

4

untrue create[d] a great risk that overemphasis [would] be placed on defendant's false statements to police or propensity for untruthfulness." Thus, she granted an evidentiary hearing to determine whether the failure to object actually prejudiced defendant.

As to defendant's second point, Judge Kramer found counsel's performance may have fallen below an objectively reasonable standard by failing to present an intoxication defense. She noted counsel "was presented with sufficient evidence to conclude that intoxication was a viable defense, or that further investigation was required," based on defendant's self-reported consumption of alcohol and Xanax. However, defendant failed to proffer any evidence an expert would have testified how the consumption of alcohol and Xanax would have impacted defendant's mental condition, or any witnesses that would have testified to defendant's level of intoxication, "or any other relevant details to make this defense viable." Thus, she found it "near impossible to mount a successful defense of intoxication to the charges defendant faced even if [counsel] had indeed gone forth with the defense full heartedly at trial."

As to defendant's third point, the judge noted there was no dispute defendant and the victim engaged in a physical fight and a short period of time elapsed between the fight and the stabbing, but found defendant failed to provide

anything more than "bald assertions that his testimony or the testimony of unnamed others would have supported a passion provocation defense."

Judge Samuel J. Ragonese conducted the evidentiary hearing, during which only defendant testified. On September 30, 2022, Judge Ragonese issued an order and opinion denying the petition:

> Careful reflection reveals while [the jury] had the tape in the room, there is no evidence it unduly affected them. The substantial evidence of the surveillance tape from the scene was consistent with the testimony of the State's witnesses who testified defendant pursued the victim who backed up as defendant lunged at him. In the analysis of what effect the videotaped statement of the defendant had on the jury, speculation would be required. However, against this background, it is clear that a surveillance tape depicted the lunging action and the victim's injury. The taped statement of the defendant would reveal nothing to the contrary and he does not contend otherwise. Indeed, were his statement to be thrown out in its entirety, ample evidence would still exist that reasonable minds could have found the defendant guilty of all four counts of the indictment. Though allowing the taped statement of the defendant to be taken back to the deliberation room was clear error,[2] it appears same was harmless error. The impact of defendant's statement standing alone appears to have had little effect in addition to the other insurmountable evidence. Though defendant argues the jury's use of the tape was "inherently prejudicial," a reasonable juror is left with no other conclusion but that the homicide was still committed by defendant. Even if he was

---

2  Although the court's written opinion says "clearer," it appears the trial judge intended "clear error."

depicted as angry in the video, it is hard to see how that anger—even if repeatedly shown—supports defendant's arguments that the verdict should be set aside.

Because defendant could not demonstrate a reasonable probability that, but for trial counsel's errors, the result of the proceeding would have been different, Judge Ragonese denied the petition.

Defendant raises the following issues for our consideration:

POINT I

THE PCR COURT ERRED IN ITS RULING THAT [DEFENDANT] HAD NOT SUFFERED ACTUAL PREJUDICE AS A RESULT OF HIS TRIAL ATTORNEY'S FAILURE TO OBJECT TO THE JURY BEING GIVEN UNSOLICITED, UNFETTERED ACCESS TO HIS VIDEOTAPED STATEMENT TO POLICE DURING DELIBERATIONS.

POINT II

TRIAL COUNSEL'S INEFFECTIVENESS IN FAILING TO PURSUE AN INTOXICATION DEFENSE CAUSED ACTUAL PREJUDICE THAT WAS LIKELY TO HAVE AFFECTED THE TRIAL OUTCOME.

POINT III

TRIAL COUNSEL WAS INEFFECTIVE IN REFUSING TO PRESENT THE TRIAL TESTIMONY OF [DEFENDANT] BECAUSE IN ITS ABSENCE THERE WAS INADEQUATE EVIDENCE TO

7

ESTABLISH A PASSION/PROVOCATION DEFENSE.

To succeed on a claim of ineffective assistance of counsel, a defendant must establish by a preponderance of the evidence both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). State v. Gaitan, 209 N.J. 339, 350 (2012). First, a "defendant must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. This requires demonstrating that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid. The Constitution requires "reasonably effective assistance," so an attorney's performance may not be attacked unless they did not act "within the range of competence demanded of attorneys in criminal cases" and instead "fell below an objective standard of reasonableness." Id. at 687-88.

When assessing the first Strickland prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight." Id. at 689. "Merely because a trial strategy fails does not mean that counsel was ineffective." State v. Bey, 161 N.J. 233, 251 (1999) (citing State v. Davis, 116 N.J. 341, 357 (1989)). Thus, a reviewing court "must indulge a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Further, the court must not focus on the defendant's dissatisfaction with "counsel's exercise of judgment during the trial . . . while ignoring the totality of counsel's performance in the context of the State's evidence of [the] defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006).

For the second prong of the Strickland test, "the defendant must show that the deficient performance prejudiced the defense." 466 U.S. at 687. This means "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid.

Following an evidentiary hearing, as Judge Ragonese conducted here, we afford deference to a PCR court's factual findings when "supported by sufficient credible evidence in the record." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Nash, 212 N.J. 518, 540 (2013)). This is so because "[a]n appellate court's reading of a cold record is a pale substitute for a trial judge's assessment of the credibility of a witness [the judge] has observed firsthand." Nash, 212 N.J. at 540. Our deference includes the trial court's findings based

on video evidence. See State v. S.S., 229 N.J. 360, 374-81 (2017) (clarifying the deferential and limited scope of appellate review of factual findings based on video evidence); see also State v. McNeil-Thomas, 238 N.J. 256, 271-72 (2019). We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

As to defendant's challenge to Judge Kramer's order denying the petition in part without a hearing, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421.

Having considered defendant's contentions in light of the record and these well-established principles, we affirm the denial of defendant's PCR petition substantially for the reasons detailed at length in both judges' thorough written decisions. As to Judge Ragonese's decision, we discern no abuse of discretion in the judge's consideration of the issues. In light of the overwhelming eyewitness testimony and surveillance video evidence against him, defendant failed to demonstrate trial counsel's error regarding his videotaped statement deprived him of a fair trial. We are likewise unpersuaded by defendant's arguments regarding Judge Kramer's order. As she determined, defendant failed

to sustain his burden of demonstrating the viability of either an intoxication defense or passion/ provocation manslaughter.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-2456-22